IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Lawrence Leitgeb, ) | |
| ) | Case No. 7:10-cv-02989-HFF-JDA |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| The State of South Carolina Department ) | |
| of Motor Vehicles, The State of South ) | |
| Carolina, and Linda Annette Grice, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Defendants the State of South Carolina Department of Motor Vehicles and Linda Annette Grice's motion to dismiss pursuant to Rule 12(b)(6) or, in the alternative, motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Doc. 39], and Defendant the State of South Carolina's motion to dismiss pursuant to Rule 12(b)(1), (2), and (6) [Doc. 67]. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding pro se and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff filed his seventy-nine page Complaint, inclusive of exhibits, in the Spartanburg County Court of Common Pleas on October 12, 2010. [Doc. 1-1.] On November 17, 2010, Defendants the South Carolina Department of Motor Vehicles

("SCDMV") and Linda Annette Grice ("Grice")[1] removed the matter to federal court [Doc. 1] and filed an Answer [Doc. 3].[2] On January 18, 2011, Plaintiff filed a supplement to the Complaint.[3] [Doc. 20.] On March 25, 2011, SCDMV and Grice moved to dismiss, or in the alternative, for summary judgment.[4] [Doc. 39.] Plaintiff filed a response on May 2, 2011. [Doc. 46.] On June 28, 2011, Defendant the State of South Carolina ("the State") filed a motion to dismiss.[5] [Doc 67.] Plaintiff filed a response on July 28, 2011. [Doc. 72.]

The Complaint is lengthy, but Plaintiff appears to complain that the SCDMV has denied him the ability to travel in a legal and responsible manner by denying him a license because he is unwilling to identify himself with a number, i.e., a Social Security number. [Doc. 1-1 ¶ 1.] He alleges the practice is discriminatory toward Christians because Christians cannot "serve the beast spoken of in Revelation." [*Id.*] Plaintiff also alleges SCDMV has denied him the ability to vote in local elections and has denied him "citizenship of the State of South Carolina." [*Id.* ¶ 2.] Plaintiff further alleges SCDMV has denied him the ability to carry adequate insurance coverage on his vehicle due to its discriminatory

---

[1] Grice is the Assistant General Counsel for the SCDMV. [Doc. 39-1 at 2.]

[2] Defendant the State of South Carolina ("the State") was not party to the removal. [*See* Doc. 1.] On May 25, 2011, this Court entered an Order to Show Cause why the State should not be dismissed without prejudice as there was no indication in the record that the State had been served. [Doc. 56.] Plaintiff then filed a motion to join the State [Doc. 58], which the Court granted. [Doc. 60.] The State was subsequently served on June 10, 2011. [Doc. 65.]

[3] Plaintiff's supplement to the Complaint is merely a ten page restatement of his arguments in the original Complaint, including a recitation of the Privacy Act of 1974; a discussion of the REAL-ID Act, S.C. Code Ann. § 56-1-90; and a copy of paragraph 3 of 42 U.S.C. § 1983.

[4] By order filed March 29, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 40.]

[5] On June 29, 2011, the Court filed a *Roseboro* order, reminding Plaintiff of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the State's motion. [Doc. 68.]

2

practices. [*Id.* ¶ 3.] Plaintiff asserts SCDMV's attempt to fine him $200 for not having insurance on his vehicle is a violation of the South Carolina Constitution, which provides that he should be fully informed of the nature and cause of accusations against him. [*Id.* ¶ 5.] Plaintiff asserts he has been subjected to numerous constitutional violations[6] based on the practices of SCDMV complained of above.

Plaintiff further complains that the demand for a Social Security number by SCDMV is based on the "deadbeat dad" statute and requiring Plaintiff to submit a Social Security number to obtain a license is akin to having him prove his innocence while denying his right to a trial. [*Id.* ¶¶ 20–21.] In addition, Plaintiff claims Defendants have violated his religious rights under the Federal Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb through 2000bb-4(2006). [*Id.* ¶¶ 106–07.] Plaintiff also argues the Bible prohibits the government from "numbering" God's people [*id.* ¶¶ 125–29], and this is his basis for refusing to be identified by a Social Security number [*see id.* ¶ 134].

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent

---

[6]These constitutional violations include: denial of life, liberty, and pursuit of happiness [*id.* ¶ 14]; denial of the right to equal protection of law and the right to practice religion [*id.* ¶ 16]; denial of the right of peaceable assembly [*id.* ¶ 18]; denial of freedom not to contract with an evil, wicked, tyrannical government [*id.* ¶ 20]; denial of constitutional right to contract with insurance agency of his choice [*id.* ¶ 40].

standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standards**

### *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

4

### *Rule 12(b)(2)*

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may move the court to dismiss an action based on a lack of personal jurisdiction.  "[W]hen, as here, [a] court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction."  *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).  To satisfy this burden, the plaintiff must base its claim for personal jurisdiction "on specific facts set forth in the record."  *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992).  Accordingly, "[t]he pleadings, affidavits, and other supporting documents presented to the court are construed in the light most favorable to [the] plaintiff, drawing all inferences and resolving all factual disputes in its favor."  *Masselli & Lane, PC v. Miller & Schuh, PA*, 215 F.3d 1320, 2000 WL 691100, at *1 (4th Cir. 2000) (unpublished table opinion) (citing *Mylan Labs.*, 2 F.3d at 60); *see also Mylan Labs.*, 2 F.3d at 62 ("In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." (citing *Combs*, 886 F.2d at 676; *Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984))).  The court, however, need not "'credit conclusory allegations or draw farfetched inferences.'" *Massellli,* 2000 WL 691100, at *1 (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)).

5

*Rule 12(b)(6)*

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)

("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at

252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983

allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,

531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

## DISCUSSION

**Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). Because federal courts have limited subject matter jurisdiction, there is no presumption that federal courts have jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking*,

147 F.3d at 352. "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "'a short plain statement of the grounds upon which the court's jurisdiction depends.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(1)). If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.*

For purposes of federal question jurisdiction under 28 U.S.C. § 1331, the law is clear that a State cannot, without its consent, be sued in federal district court by one of its own citizens, upon the claim that the case is one that arises under the Constitution and laws of the United States. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (stating that although the express language of the Eleventh Amendment forbids only suits by citizens of other States against a State, the Eleventh Amendment bars suits against a State filed by its own citizens); *S. Ry. Co. v. S.C. State Highway Dep't*, 246 F. Supp. 435, 439 (D.S.C. 1965). A State's consent to suit in federal court by citizens of its own State must be clearly given, and in the absence of a clear declaration, it cannot be said that a State has consented. *Id.* (citing *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573 (1946); *Murray v. Wilson Distilling Co.*, 213 U.S. 151 (1909); *Chandler v. Dix*, 194 U.S. 590 (1904); *Copper S.S. Co. v. State of Michigan*, 194 F.2d 465 (6th Cir. 1952); *Chicago R.I. & P.R. Co. v. Long,* 181 F.2d 295 (8th Cir. 1950); *Miller v. State of Vermont*, 201 F. Supp. 930 (D. Vt. 1962)). Further, the Eleventh Amendment bars suits against the State or its integral parts, such as a state agency or department, which are considered arms of

11

the State. *See, e.g.*, *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 751 n.6 (2002); *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Belcher v. S.C. Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978); *Simmons v. S.C. State Highway Dep't*, 195 F. Supp. 516, 517 (E.D.S.C. 1961). Consequently, because SCDMV is a state agency, *see* S.C. Code Ann. § 56-1-5, the Eleventh Amendment divests this Court of jurisdiction to entertain a suit brought against both the State and SCDMV.[7] Moreover, there is no evidence that the State or SCDMV have consented to be sued in federal court on these claims; a state must make a clear declaration of its consent to suit before a court may find that the state has waived its Eleventh Amendment immunity. *Sossamon v. Texas*, 131 S. Ct. 1651, 1658 (2011) (quoting and citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 680, 682 (1999)). Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims as to the State and SCDMV and recommends Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction as to these defendants.[8]

---

[7] The District of South Carolina has repeatedly found that SCDMV is an arm of the State. *See, e.g.*, *Couram v. S.C. Dep't of Motor Vehicles*, 2011 WL 891298, at *3 (D.S.C. Mar. 10, 2011); *Caughman v. S.C. Dep't of Motor Vehicles*, 2010 WL 348375, at *1 (D.S.C. Jan. 26, 2010); *Farr v. Motor Vehicles Dep't, DMV of Union Cnty.*, 2009 WL 5102712, at *3 (D.S.C. Dec. 17, 2009); *Kelley v. S.C. Dep't of Motor Vehicles of Hartsville*, 2009 WL 607366 (D.S.C. Mar. 6, 2009).

[8] Because the Court finds it lacks subject matter jurisdiction, it will decline to address the State's motion to dismiss for lack of personal jurisdiction.

**No Constitutional Right to a Driver's License**

As to Grice, Plaintiff has failed to allege facts to support a finding that Grice deprived Plaintiff of a federal right under color of state law.[9]

In a similar case, the Fourth Circuit found no reversible error in a district court decision upholding a North Carolina statute that required a Social Security number from a driver's license applicant. *See North Carolina ex rel. Kasler v. Howard*, 323 F. Supp. 2d 675 (W.D.N.C. 2003), *aff'd*, 78 F. App'x 231 (4th Cir. 2003). First, the district court found that while the Privacy Act of 1974 makes it unlawful for any federal, state, or local government "to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his [Social Security] account number," the Tax Reform Act of 1976 expressly exempts state agencies from this requirement in the administration of driver's license laws; this exemption is codified as part of the Social Security Act. *Id.* at 679 (quoting 5 U.S.C. § 552a; 42 U.S.C. § 405(c)(2)(C)(i)).

Second, the court found the Social Security number requirement did not violate any privacy right guaranteed by the First Amendment. *Id.* at 679–80. The court found divulging a Social Security number does not fall within an established "zone" of privacy, which have been reserved for rights considered fundamental. *Id.* at 679 (quoting *Paul v. Davis*, 424 U.S. 693, 713 (1976)). Moreover, the court found the statute did not violate the First Amendment because the State did not compel citizens to disclose their Social Security numbers—applying for a driver's license is voluntary and merely a condition precedent to

---

[9] Even if the Court had subject matter jurisdiction existed with respect to Plaintiff's claims against the State and SCDMV, Plaintiff has failed to allege facts to support a finding of a deprivation of a federal right under color of state law by the State and SCDMV.

13

enjoying a privilege. *Id.* at 680. Additionally, the court found the mandate that a Social Security number be provided to obtain a license did not violate citizens' First Amendment right to free exercise of religion.[10] *Id.* The court held that "the non-use of a [Social Security] number is not a 'deep religious conviction, shared by an organized group, and intimately related to daily living.'" *Id.* (quoting *United States v. Bales*, 813 F.2d 1289, 1297 (4th Cir. 1987)). Therefore, while non-use of a Social Security number may be a philosophical and personal belief, such a belief does not garner protection under the First Amendment. *Id.* (quoting *Bales*, 813 F.2d at 1297).

Courts across the nation, including the United States Supreme Court, have upheld statutes requiring a Social Security number to obtain a driver's license or to receive some other benefit. *See, e.g., Bowen v. Roy*, 476 U.S. 693 (1986) (upholding, under Free Exercise challenge, requiring submission of a Social Security number for participation in food stamp and AFDC programs, despite applicant's belief that use of the number would impair the applicant's spirit); *Lewis v. State of Idaho, Dep't of Transp.*, 146 P.3d 684 (Idaho Ct. App. 2006) (holding that requiring a Social Security number for issuance of a driver's license was constitutional, and the state department of transportation had no duty to seek an exemption for a plaintiff who objected to providing his Social Security number); *Schmidt*

---

[10] "[T]he Free Exercise Clause[] requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). The Supreme Court has held that "the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)." *Emp't Div., Dep't of Human Res. of Or. v. Smith*, 494 U.S. 872, 879 (1990), *superceded by statute*, Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb through 2000bb-4. In *City of Boerne v. Flores*, 521 U.S. 507 (1997), the Supreme Court held the Religious Freedom Restoration Act ("RFRA") was unconstitutional, and Congress responded by enacting the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). *Sossamon v. Texas*, 131 S. Ct. 1651, 1656 (2011) (holding "that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver").

*v. Powell*, 280 N.E.2d 236 (Ill. App. Ct. 1972) (upholding mandatory requirement of Social Security number for issuance of a driver's license); *Penner v. King*, 695 S.W.2d 887 (Mo. 1985) (upholding Social Security number requirement and holding that plaintiffs could preserve their religious scruples by foregoing a driver's license); *State v. Loudon*, 857 S.W.2d 878 (Tenn. Crim. App. 1993) (holding that statute requiring submission of a Social Security number to obtain a driver's license was constitutional and a defendant who believed his Social Security number was a "mark of the beast" was not exempt from the statute).  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and Plaintiff's Complaint should be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends SCDMV and Grice's motion to dismiss [Doc. 39] and the State's motion to dismiss [Doc. 67] be GRANTED and that this suit be dismissed.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 23, 2011
Greenville, South Carolina