IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Lawrence Leitgeb, ) | |
| ) | C/A No. 7:10–2989-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| The State of South Carolina ) | |
| Department of Motor Vehicles; ) | |
| The State of South Carolina; ) | |
| and Linda Annette Grice, ) | |
| ) | |
| Defendants. ) | |

Lawrence Leitgeb ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the Court on the Magistrate Judge's Report and Recommendation filed August 23, 2011, recommending that the court grant Defendants the State of South Carolina Department of Motor Vehicles ("SCDMV") and Linda Annette Grice's ("Grice's") Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Dkt. # 39) and Defendant the State of South Carolina's ("State's") Motion to Dismiss (Dkt. # 67). (Dkt. # 75).

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of

the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## Background/Procedural History

In his seventy-nine page Complaint and two addendums, Plaintiff alleges numerous claims of purported constitutional violations including: the denial of the right to travel, vote, a trial, pled the Fifth; contract; assembly; overthrow the government; and practice religion; and violations of Equal Protection and Double Jeopardy clauses. (Compl. at 3-5, 7, 18, 23, 26, 32, 35, 54, 58). Plaintiff also alleges Defendants have violated the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb through 2000bb-4. (Compl. at 44). Plaintiff's allegations stem from SCDMV's denial of a driver's license to Plaintiff because he refuses to submit his Social Security number. He alleges the practice is discriminatory toward Christians and violates his religious rights under the RFRA. Plaintiff also alleges Social Security is a Ponzi scheme and he believes that the use of his Social Security number for any reason other than the Social Security program violates privacy laws. (Compl. at 57). Plaintiff alleges Defendant SCDMV has denied him the right to travel and vote and has denied him "citizenship of the State of South Carolina." (Compl. at 58, 59). Plaintiff also alleges that the demand for a Social Security number by SCDMV is based on the "deadbeat dad" statute and requiring him to submit a Social Security number to obtain a license causes him to have him prove his innocence while denying his right to a trial. (Compl. at 17).

Plaintiff originally filed this Complaint in the Spartanburg County Court of Common Pleas on October 12, 2010. On November 17, 2010, Defendants SCDMV and

Grice removed the matter to federal court.[1] On January 18, 2011, Plaintiff filed two supplements to the Complaint. (Dkt. # 20). On March 25, 2011, Defendants SCDMV and Grice filed a Motion to Dismiss or alternatively for Summary Judgment. (Dkt. # 39). On June 28, 2011, the State also filed a Motion to Dismiss. (Dkt. # 67). Plaintiff filed responses opposing both motions. (Dkt. # 43; 72).

In her Report, the Magistrate Judge states that the court lacks subject matter jurisdiction over Defendants SCDMV and the State based upon Eleventh Amendment immunity. (Report at 12). Further, the Magistrate Judge finds that the Plaintiff has failed to allege facts to support a deprivation of a federal right by any of the Defendants. (Report at 13 & n. 9). The Magistrate Judge recommends that the Defendants' motions to dismiss be granted and that this action dismissed.

Plaintiff was advised of his right to file objections to the Report and Recommendation (Dkt. # 75 Attach. #1). On September 7, 2011, Plaintiff filed objections to the Report and Recommendation. (Dkt. # 80).

**Standard of Review**

A motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P, examines whether the complaint fails to state facts upon which jurisdiction can be founded. The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999) (internal quotation marks and citations omitted).

---

[1] At the time this case was removed, the State had not yet been served.

When a defendant files a motion to dismiss the plaintiff's complaint for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P., "the burden is on the plaintiff to establish the existence of a ground for exercising such jurisdiction." *ESAB Group, Inc. v. Centricut, LLC*, 34 F.Supp.2d 323, 328 (D.S.C.1999). In the absence of an evidentiary hearing, the court may rely on the parties' pleadings, affidavits, and other legal documents, and the plaintiff need only make a prima facie showing of jurisdiction. *Mylan Lab., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir.1993). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989).

When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir.1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

## DISCUSSION

The court has carefully reviewed Plaintiff's objections and finds that many of his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. While most of the Plaintiff's objections are so lacking in merit that they do not warrant discussion, Plaintiff does specifically state this action should not be dismissed for two reasons:

> 1. The Fourth District Court and/or Magistrate Judge Jacquelyn D. Austin has erred in their assessment of the Privacy Act of 1974 in light of subsequent laws.
>
> 2. Congress overstepped its Constitutional boundaries in passing legislation relating to Social Security under the light of the Tenth Amendment.

(Objections at 4). Before turning to these specific objections, the court notes that while Plaintiff contends the Magistrate Judge erred in focusing on Plaintiff's religious objections, (Objections at 1), Plaintiff states he is "willing to relinquish any claim to [his] religious objections in an attempt to force this Court to examine [his] Constitutional objections." *Id*. Plaintiff then specifically states that he "relinquishes all claims to the Religious Freedom Restoration Act in an attempt to force this Honorable Court to address the more important Constitutional issues presented in this lawsuit." (Objections at 4). Having waived his claims based upon religion, Plaintiff's objections to the Magistrate Judge's report in regard to these claims are now moot.

As noted above, the Magistrate Judge determined that Eleventh Amendment immunity divests this court of subject matter jurisdiction and thus she recommended Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction as to Defendants SCDMV and the State. (Report at 12).[2]  Further, the Magistrate Judge alternatively

---

[2]In his objections, Plaintiff's does not directly address the issue of Defendants' Eleventh Amendment immunity. In the absence of a timely filed, specific objection, the

5

determined even if the Defendants SDMV and the State were not entitled to Eleventh Amendment immunity, Plaintiff failed to state a claim against any of the Defendants (Report at 13. n 9) and, as discussed below, the court agrees with that recommendation.

In his first specific objection, Plaintiff contends that the Magistrate Judge erred in her assessment of the privacy Act in light of subsequent laws. The Magistrate Judge relied upon the holding in *North Carolina ex. Rel. Kasler v. Howard*, 323 F.Supp.2d 6754 (W.D.N.C. 2003). In *Kasler*, the district court noted that the Tax Reform Act of 1976 expressly exempts state agencies, such as SCDMV, from the Privacy Act when requiring disclosure of a SS number for the administration of a driver's license. *Id*. at 679. Therefore, the court held that "the requirement that a person disclose their SS number prior to the DMV's issuance of a driver's license does not violate the Privacy Act of 1974" *Id*.[3] Plaintiff argues that the "[Magistrate Judge] and/or the Court in *Kasler v. Howard* errs in this matter." (Objections ant 5). He argues that the "[Magistrate Judge]

---

Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005). The Magistrate Judge recommended that Defendants SCDMV and the State be dismissed based on Eleventh Amendment immunity without any discussion as to whether these Defendants waived their Eleventh Amendment immunity by removing this case to federal court. *Lapides v. Board of Regents of the Univ. System of Georgia*, 535 U.S. 613, 619 (2002)(holding it would be inconsistent for a State both to invoke federal jurisdiction through removal and claim Eleventh Amendment immunity). However, the Fourth Circuit has narrowly interpreted the holding in *Lapides*, noting that the Supreme Court specifically addressed only whether a state that removes an action to federal court having already consented to suit in its own courts can invoke Eleventh Amendment immunity . . . ." *Stewart v. North Carolina*, 393 F.3d 484, 488 (4th Cir. 2005). After a careful review of the record in this case, and the holdings in *Lapides* and *Stewart*, it appears that Defendants did not consent to suit in state court prior to removing the action to this court and thus the Magistrate Judge's recommendation regarding Eleventh Amendment immunity is not clearly erroneous.

[3]The court also found that requiring the disclosure of a SS number in order to obtain a driver's license did not violate the First Amendment. *Kasler*, 323 F.Supp. 2d. 679-80.

completely ignores new law, namely the *Florida, et.al., v. US HHS* case." (Objections at 2).

Although Plaintiff failed to provide a citation for this case, the court assumes he is referring to *Florida ex. Rel. Bondi v. U.S. Department of Health & Human Services*, 780 F.Supp.2d 1256, 2011 WL 285683 (N.D.Fla. 2011), cert. granted in part by *Florida v. Department of Health and Human Services*, --- S.Ct. ----, 2011 WL 5515165 (U.S. Nov 14, 2011), where the issue is whether Congress can invoke its Commerce Clause power to compel individuals to buy insurance as a condition of lawful citizenship or residency. The court finds this case to be inapplicable to the claims raised by the Plaintiff in his Complaint and agrees with the Magistrate Judge's conclusion that the issue in *Kasler* is not only directly on point to the instant case, but its holding is persuasive.[4] Accordingly, the court finds Plaintiff's first objection to be without merit.

Furthermore, the court finds Plaintiff's second objection that "Congress overstepped its Constitutional boundaries in passing legislation relating to Social Security under the light of the Tenth Amendment" relates to an issue which the Magistrate Judge did not even address in her Report. Thus, the court declines to address this objection as it is not the proper subject matter of an objection pursuant to Rule 72, Fed.R.Civ.P.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and

---

[4] Additionally, the court notes that to the extent that Plaintiff attempts to bring claims under the Privacy Act against Defendant Grice, such claims must fail because such actions can only be brought against agencies. *See* 5 U.S.C. § 552a(g)(1). Because the proper defendant in a Privacy Act action is an agency and not individual employees, *see Adams v. Compton,* 2005 WL 2006975 (W.D. Va. Aug. 17, 2005), Plaintiff's Privacy Act claims against Defendant Grice must be dismissed.

Recommendation (Dkt. # 75) and incorporates it herein. It is therefore **ORDERED** that SCDMV and Grice's Motion to Dismiss (Dkt. # 39) and the State of South Carolina's Motion to Dismiss (Dkt. # 67) are **GRANTED** and this action is **DISMISSED** with prejudice.

  **IT IS SO ORDERED.**

                s/Timothy M. Cain
                United States District Judge

Greenville, South Carolina
November 23, 2011

## NOTICE OF RIGHT TO APPEAL

 The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.